IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| THAD J. THOMPSON, | Civ. No. 16-00128 JMS-RT |
|---|---|
| Plaintiff, vs. J. AFAMASAGA, STATE OF HAWAII, Defendants. | ORDER (1) DENYING MOTION TO ALTER OR AMEND JUDGMENT, ECF NO. 150; AND (2) DENYING MOTION FOR A NEW TRIAL, ECF NO. 151 |

### ORDER (1) DENYING MOTION TO ALTER OR AMEND JUDGMENT, ECF NO. 150; AND (2) DENYING MOTION FOR A NEW TRIAL, ECF NO. 151

### I. INTRODUCTION

In this prisoner civil rights action, Plaintiff Thad J. Thompson ("Plaintiff"), who was a pretrial inmate at Oahu Community Correctional Center claimed that Defendant Adult Correction Officer ("ACO") J. Afamasaga ("Defendant" or "Afamasaga") used excessive force against Plaintiff in violation of the United States Constitution. During a strip-search, Defendant discovered an item concealed between Plaintiff's buttocks. A physical altercation followed, during which Plaintiff was injured. On May 29, a two-day non-jury trial commenced on Plaintiff's claim against Afamasaga. In its June 26, 2018 Findings of Fact and Conclusions of Law ("FOFCOL"), the court found that Plaintiff failed to show by a preponderance of the credible evidence that the force Defendant

purposely or knowingly used against Plaintiff was objectively unreasonable. ECF No. 148 at PageID #543-44. That is, the court found that Plaintiff failed to prove that Defendant used constitutionally excessive force against Plaintiff. *Id.* at PageID #544. On June 26, 2018, Judgment was entered in favor of Defendant and against Plaintiff. ECF No. 149.

On July 18, 2018, Plaintiff, proceeding pro se,[1] filed two separate motions — a Motion to Alter or Amend Judgment, ECF No. 150, and a Motion for a New Trial, ECF No. 151. On October 9, 2018, Defendant filed an Opposition. ECF No. 167. Despite having obtained numerous extensions of time, *see* ECF Nos. 169, 171, 174, Plaintiff did not file a Reply. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

For the reasons discussed below, Plaintiff's Motions are DENIED.

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59, a district court may reconsider final judgments and order a new trial or alter or amend a judgment. Fed. R. Civ. P. 59(a), (e). Under Rule 59(a)(1)(B), a court may grant a new trial "after a nonjury trial, for any reason for which a rehearing has heretofore been

---

[1] During trial, Plaintiff was represented by retained counsel. On September 25, 2018, Plaintiff's counsel's motion to withdraw as counsel was granted, ECF No. 162, and the court set briefing deadlines for Plaintiff's motions for new trial and to alter or amend judgment, ECF No. 163.

granted in a suit in equity in federal court." There are three grounds for granting new trials in court-tried actions: "(1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) (per curiam) (citing 6A *Moore's Federal Practice* § 59.07 at 59-94). And the Ninth Circuit has identified four non-exclusive reasons to grant a motion to alter or amend a judgment under Rule 59(e): "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted).

Mere disagreement with a previous ruling is not a sufficient basis for reconsideration. *McAllister v. Adecco Grp. N.A.*, 2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018) (citing *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Thus, a Rule 59 motion for new trial or to alter or amend judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation and quotation marks omitted). And although a "district court has considerable discretion when considering a [Rule 59] motion[,]" *Turner v. Burlington N. Santa Fe R.R. Co.*, 338

F.3d 1058, 1063 (9th Cir. 2003), vacating or "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly," *Allstate Ins. Co.*, 634 F.3d at 1111 (internal quotation marks and citation omitted).

### III. **DISCUSSION**

Plaintiff contends that the court erred and/or engaged in judicial misconduct by (1) denying his motion in limine to introduce "character evidence (i.e., prior bad acts) of Defendant"; (2) intimidating Plaintiff's counsel; (3) calling a recess during defense counsel's cross examination of Plaintiff, thereby preventing Plaintiff from providing further testimony; (4) allowing defense counsel to "test" Plaintiff's memory capabilities; and (5) exhibiting bias by making credibility determinations, factual findings, and legal conclusions in favor of Defendant and against Plaintiff that were "obviously against the weight of the evidence." ECF No. 150 at PageID #558-59; ECF No. 151 at PageID #565-73.

In large part, Plaintiff simply disagrees with the court's rulings, including credibility determinations, which is not a sufficient basis for reconsideration under Rule 59. Plaintiff does not contend that there is newly discovered evidence that was previously unavailable or that reconsideration is sought based on any intervening change in controlling law. For the reasons discussed below, Plaintiff has failed to establish that the judgment is based on

4

manifest errors of law or fact and/or that reconsideration is necessary to prevent manifest injustice.

**A.      Motion in Limine — Rule 404**

Plaintiff argues that the court erred by denying his motion in limine to include character evidence of Defendant (prior bad acts by Defendant against other inmates). ECF No. 151 at PageID #565. But Plaintiff did not file such a motion in limine. Rather, Defendant filed a motion in limine to exclude character evidence under Federal Rule of Evidence 404(a) and (b). ECF No. 101.

Defendant's motion in limine to exclude character evidence became somewhat convoluted. In response to that motion, Plaintiff proffered that Defendant and ACO Danny Patelesio ("Patelesio") "have a routine practice and habit of beating inmates." ECF No. 117 at PageID #424. Thus, Plaintiff sought admission of prior assaults under Rule 406, but did not seek admission of prior assaults under Rule 404(b).

During a January 22, 2018 hearing on the motions in limine, the court denied Plaintiff's request to admit evidence of the alleged prior inmate assaults under Rule 406. As stated in the Advisory Committee Notes to Rule 406, "evidence of other assaults is inadmissible to prove the instant one in a civil assault action." The court was equally clear, however, that it was not ruling pre-trial on the possible admission of prior assaults at trial under Rule 404(b). Instead, the

court informed Plaintiff's counsel that he was not precluded from raising any Rule 404(b) evidence at trial. And as a result, the court granted Defendant's motion without prejudice.

During trial, Plaintiff neither made an offer of proof nor sought to introduce evidence under Rule 404(b). Thus, Plaintiff cannot establish error. *See* Fed. R. Evid. 103(a)(2) (requiring that in order to preserve a claim that the court erred by excluding evidence, a party must make an offer of proof).

B.  **Intimidation of Counsel**

Plaintiff contends that the court improperly intimidated Plaintiff's counsel. But Plaintiff does not specify what the court did or said to intimidate his counsel, nor does he identify when the court engaged in such conduct. Thus, Plaintiff has failed to show that the court improperly intimidated counsel, let alone that such unidentified conduct constitutes manifest error of law or resulted in manifest injustice.

C.  **Recess**

Plaintiff contends that the court violated Federal Rule of Evidence 611(a) when it called a recess while Plaintiff was "testifying in response to [the] Deputy Attorney General['s] . . . questioning," thereby cutting off Plaintiff's testimony and depriving him of an opportunity to provide further testimony. ECF

No. 151 at PageID #565. The exact nature of this claim is unclear, but regardless, the timing of a recess during trial cannot give rise to any allegation of error.

> Rule 611 provides:
>
> The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment.

Fed. R. Evid. 611(a). Embedded in Rule 611(a) is authorization for a trial court to exercise broad discretion over trial-management decisions. *See United States v. Fields*, 763 F.3d 443, 465 (6th Cir. 2014); *see also United States v. Claiborne*, 765 F.2d 784, 804 (9th Cir. 1985) (recognizing that Rule 611(a) grants a trial court "broad discretion . . . to order a recess as circumstances necessitate"), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988)). And a court's trial-management decisions are generally overturned only if a "defendant's substantial rights are affected." *Fields*, 763 F.3d at 465.

Here, Plaintiff's counsel did not object to a recess during Plaintiff's cross examination. *See United States v. Boggs*, 737 F. App'x 243, 253-54 (6th Cir. 2018) (rejecting claim that trial court erred by calling several recesses during direct examination of witnesses, particularly where defendant did not object to those recesses); *United States v. Henderson*, 478 F. App'x 459, 460 (9th Cir. 2012)

7

(Mem.) (rejecting claim that trial court abused its discretion by calling a recess during a witness's testimony where Defendant's counsel did not object to the recess). And Plaintiff does not contend that counsel for either party was prevented from eliciting further testimony from Plaintiff after the recess. *See, e.g.*, *Castro v. Tanner*, 2014 WL 2938355, at *30-31 (E.D. La. June 27, 2014) (finding no error or prejudice where the court called a recess during cross-examination, allowed counsel to continue questioning witness after recess, and excused witness after counsel for both parties said they had no more questions, even though witness stated that he had more to say). In short, Plaintiff has failed to show that his substantial rights were affected by the timing of a recess during his cross examination. Thus, Plaintiff has failed to show manifest error of law or manifest injustice resulting from the court calling a recess during Plaintiff's testimony during cross-examination.

**D. Cross Examination**

Plaintiff argues that the court erred by allowing Defendant's counsel to "test" Plaintiff's memory capabilities. ECF No. 151 at PageID #566, 572. Plaintiff does not identify the nature of such "tests." Nor does he explain how Defendant's counsel administered these "tests." During cross examination, however, Defendant's counsel did question Plaintiff about inconsistencies between

8

Plaintiff's trial testimony and his earlier statements in grievances, reports, and answers to discovery requests.

The scope of cross examination generally is limited to "the subject matter of the direct examination and matters affecting the witness's credibility." Rule 611(b). Thus, questions addressing inconsistencies between trial testimony and pre-trial documents, as well as inconsistencies within various pre-trial documents, are generally appropriate during cross examination. *See, e.g.*, *United States v. Hale*, 422 U.S. 171, 176 (1975) ("A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness."); *Kalouma v. Gonzales*, 512 F.3d 1073, 1076 n.1 (9th Cir. 2008) ("Prior inconsistent statements are a classic ground to impeach a witness."). "The trial judge has a 'high degree of flexibility' in deciding how much inconsistency is enough to permit use of a prior statement for impeachment." *United States v. Higa*, 55 F.3d 448, 453 (9th Cir. 1995) (quoting *United States v. Morgan*, 555 F.2d 238, 242 (9th Cir. 1977)).

Here, Plaintiff has failed to show that the court engaged in manifest error of law by allowing Defendant's counsel to ask questions about inconsistencies between Plaintiff's trial testimony and various pre-trial documents during cross examination or that such questioning resulted in manifest injustice.

## E. Determinations of Credibility, Facts, and Legal Conclusions

Lastly, Plaintiff contends that the court erred and/or exhibited bias in favor of Defendant and against Plaintiff in connection with its determinations regarding credibility, facts, and legal conclusions that were "obviously against the weight of the evidence." ECF No. 151 at PageID #565.

As set forth in the FOFCOL, this court considered "live testimony from four witnesses and seventeen exhibits submitted jointly by the parties, ECF No. 137, and admitted without objection." ECF No. 148 at PageID #543. The court "heard and weighed all the evidence and testimony presented at trial, observed the demeanor of witnesses and evaluated their credibility and candor, and heard and considered Plaintiff's and Defendant's arguments." *Id.* More specifically, as to the credibility of the parties, the court explained:

> Plaintiff conceded that his accounts of the incident and injuries set forth in his Complaint, grievance, and answers to interrogatories differ from the others and conflicts with portions of his trial testimony. Moreover, Plaintiff's testimony that Defendant punched Plaintiff in the face three times with enough force to snap his head back before Plaintiff had time to react and push Defendant is not believable. Thus, taking into account Plaintiff's demeanor, poor memory (for instance, in claiming that Defendant, not Patelesio, took him to the medical unit), and inconsistent accounts of the incident and his injuries, the court finds Plaintiff's testimony to lack credibility. . . . In contrast, based on his manner of testifying, memory, and overall demeanor, the court finds

> Defendant's testimony to be credible, and finds
> Defendant's version of events to be accurate and truthful.

*Id.* at PageID #549-50.

Plaintiff argues only that he would have made different credibility determinations. *See* ECF No. 151 at PageID #566-72. Plaintiff sets forth what he believes are contradictions in Defendant's testimony and asks the court to make inferences favorable to him based on such inconsistencies. But the contradictions Plaintiff highlights are largely between Defendant's testimony and Plaintiff's interpretation of portions of the evidence. For example, Plaintiff contends that Defendant's trial testimony — that he thought Plaintiff may have been concealing a weapon — clearly contradicts his later statement that the item Plaintiff concealed was plastic and did not appear to be drugs. *See* ECF No. 151 at PageID #569. From this, Plaintiff infers that Defendant had a good look at the item and therefore lied when he said he thought it could have been a weapon. *Id.* at PageID #569-71.

Moreover, Plaintiff's disagreement with the court's rulings "is not a sufficient basis for reconsideration." *McAllister*, 2018 WL 6682984, at *2; *see White*, 424 F. Supp. 2d at 1274. Nor may a Rule 59 motion be "used to relitigate old matters." *Exxon Shipping Co.*, 554 U.S. at 486 n.5. The court carefully considered the same evidence Plaintiff highlights and determined that, on balance, Defendant's testimony was more credible than Plaintiff's testimony.

11

And although Plaintiff contends that the court's determinations of credibility, facts, and legal conclusions were the result of judicial bias, he fails to provide any basis for bias. Generally, absent evidence of some extrajudicial source of bias or partiality, adverse rulings alone do not suffice to overcome a presumption of judicial integrity. *See Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also United States v. Martin*, 278 F.3d 988, 1005 (9th Cir. 2002) (rejecting claim of bias where the "judge's knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings" rather than from an extrajudicial source) (quoting *Liteky*, 510 U.S. at 551). Plaintiff does not allege that either the court's ruling alone, or any remark by the court during the proceedings, evidences such a high degree of favoritism or antagonism to make fair judgment impossible. *See Liteky*, 510 U.S. at 555 (distinguishing obviously biased judicial statement in an espionage case against a German-American that "German Americans['] . . . hearts are reeking with disloyalty" from examples not sufficient to show bias, such as "expressions of impatience, dissatisfaction, annoyance, . . . anger[,]" and a "stern and short-tempered judge's ordinary efforts at courtroom administration").

In sum, Plaintiff has failed to establish bias, manifest error of law or fact based on the court's determinations of credibility, factual findings, and legal conclusions, or that the court's rulings resulted in manifest injustice.

## IV. **CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Alter or Amend Judgment, ECF No. 150, and a Motion for a New Trial, ECF No. 151, are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Thompson v. Afamasaga*, Civ. No. 16-00128 JMS-RT, Order (1) Denying Motion to Alter or Amend Judgment, ECF No. 150; and (2) Denying Motion for a New Trial, ECF No. 151

13